## ROUSE *v.* HORNSBY.

ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 706.   Submitted March 2, 1896. — Decided March 23, 1896.

The decrees and judgments of Circuit Courts of Appeal are made final by
section 6 of the Judiciary Act of March 3, 1891, where the jurisdiction
of the Circuit Court over the intervenor's petition, the decree on which
is appealed from, was referable to its jurisdiction of an equity suit which
depended wholly upon diverse citizenship.

MOTION to dismiss.   The case is stated in the opinion.

*Mr. Nelson Case* for the motion.

*Mr. James Hagerman* and *Mr. T. N. Sedgwick* opposing.

MR. CHIEF JUSTICE FULLER delivered the opinion of the
court.

The Mercantile Trust Company, a corporation of New
York, filed its bill against the Missouri, Kansas and Texas
Railway Company, a corporation of Kansas, in the Circuit
Court of the United States for the District of Kansas, for
the foreclosure of certain mortgages, and Eddy and Cross
were appointed receivers, upon whose decease Rouse was
substituted.

Under a general order, to which he refers but which is not
given in the record, Hornsby filed a petition of intervention
in that suit seeking damages for injuries inflicted through the
negligence of the receivers in the operation of the road.   To
this petition the defendants interposed a demurrer upon the
ground that the petition did not state facts sufficient to con-
stitute a cause of action, which was sustained and the petition
dismissed, whereupon the case was carried to the Circuit
Court of Appeals for the Eighth Circuit, the judgment re-
versed and the case remanded. *Hornsby* v. *Eddy*, 12 U. S.

App. 404. Thereupon defendants answered on the merits and the intervenor replied. Defendants moved the court for a reference to a master, "which motion," the record states, "to refer the claim of John E. Hornsby against them as set. forth in the intervening petition of said Hornsby and the issues joined thereon to a master," was overruled. A jury was then empanelled on motion of the intervenor, a trial had, and verdict returned, whereupon the court entered an order in these words, after setting out the verdict:

"And thereupon the court doth now approve said verdict and order and adjudge that the said intervenor, John E. Hornsby, have and recover of and from the said defendants, George A. Eddy and Harrison C. Cross, as receivers of the property of the Missouri, Kansas and Texas Railway Company, the sum of fifteen thousand dollars ($15,000.00), together with interest thereon at the rate of 6 per cent per annum from this date, and also all costs herein expended by him, amounting to $——; and the property of said Missouri, Kansas and Texas Railway Company which was heretofore in the hands of said receivers and over which this court, now holds jurisdiction shall remain liable for said sum and sums, and said receivers are hereby ordered to allow, audit and pay said sum and sums into the registry of this court for said intervenor, John E. Hornsby; and if said receivers as such have not sufficient funds in their possession and under their control for that purpose, the property of said railway company remain liable therefor; to which orders and judgment of the court the said defendants, George A. Eddy and Harrison C. Cross, as such receivers, at the time excepted. It is further ordered that the said defendants, George A. Eddy and Harrison C. Cross, as such receivers, have sixty days from this date in which to prepare and present a bill of exceptions herein for allowance, and that execution in this case be stayed ten days from this date."

The petition of intervention, the answer, and the various orders were all entitled in the case of *The Mercantile Trust Company of New York* v. *The Missouri, Kansas and Texas Railway Company et al.* From the final order of the court

defendants took the case to the Circuit Court of Appeals for the Eighth Circuit by writ of error and also by appeal. The cause was heard in that court and the order of the court below affirmed. 67 Fed. Rep. 219. The Circuit Court of Appeals was of opinion that the appeal should be dismissed, and that the order below should be affirmed on the writ of error, because "the intervening petition set up a cause of action exclusively cognizable at law, and was tried by a jury as such."

If, as is said, the intervenor, the railroad company and the receivers were all citizens of Kansas, and this had been an action at law and not a petition of intervention in the equity suit, the jurisdiction of the Circuit Court would nevertheless have been maintainable on the ground that it was one arising under the Constitution and laws of the United States in that the receivers were appointed by the Circuit Court and derived their powers from and discharged their duties subject to those orders, and the right to sue them as such, without leave of the court which appointed them, was conferred by section three of the act of March 3, 1887, c. 373, 24 Stat. 552. *Texas and Pacific Railway Co.* v. *Cox*, 145 U. S. 593; *Tennessee* v. *Union and Planters' Bank*, 152 U. S. 454.

In *Railway Co.* v. *Cox*, the objection was raised that neither of the defendants was an inhabitant of the district in which the suit was brought, and it was remarked that if the suit was regarded as merely ancillary to the receivership the objection was without force, but that, irrespective of that, the immunity was a personal privilege which might be waived, and which in that case had been waived. In the case before us the question in respect of an independent action at law is not presented, since this intervention was nothing more than an application for the allowance of a claim under the foreclosure proceedings and as against the property or fund being administered by the court. *Rouse* v. *Letcher*, 156 U. S. 47. Defendants raised no objection to the determination of the entire matter on the intervention, and did not ask that an action at law be directed to be brought, and the reference of the questions of fact to a jury was within the discretion of the court and did not change the character of the proceeding.

The jurisdiction of the Circuit Court over the petition was clearly referable to its jurisdiction of the equity suit, which depended wholly upon diverse citizenship, and the case comes directly within recent decisions of this court holding that under such circumstances the decrees and judgments of the Circuit Courts of Appeals are made final by section six of the Judiciary Act of March 3, 1891. *Rouse* v. *Letcher, supra; Gregory* v. *Van Ee*, 160 U. S. 643; *Carey* v. *Houston and Texas Railway Co.*, 161 U. S. 115. As the final order below was affirmed by the Circuit Court of Appeals, we are not called upon to entertain jurisdiction simply because that affirmance was entered on the writ of error rather than the appeal.

*Writ of error dismissed.*