## CARPENTER v. NORTHERN PAC. R. CO. et al.

(Circuit Court, D. Washington, E. D. July 25, 1896.)

1. FEDERAL COURT—JURISDICTION—SUIT AGAINST RECEIVER.

An action against a receiver appointed by a federal circuit court, growing out of the transactions of the receiver or his employés, being ancillary to the suit in which the receiver was appointed, is within the jurisdiction of that court, regardless of the citizenship of the parties, the nature of the controversy, or the amount involved.

2. SAME—REMOVAL FROM STATE COURT.

Where an action against a receiver, if originally brought in a federal court, would have been within its jurisdiction as being ancillary to the case in which the receiver was appointed, it may properly be removed to that court, if first brought in a state court.

Action by M. Carpenter against the Northern Pacific Railroad Company and Andrew F. Burleigh, as receiver of said company, to recover damages amounting to less than $2,000, for a personal injury, originally commenced in the superior court of the state of Washington for Spokane county, and removed into the United States circuit court by the defendants. Motion to remand denied.

Frank H. Graves, for plaintiff.

J. M. Ashton and J. R. McBride, for defendants.

HANFORD, District Judge. It is conceded that this action, being against the defendant Burleigh in his capacity as receiver of the Northern Pacific Railroad Company, under an appointment made by this court, and the corporation for which he is receiver, is one arising under the laws of the United States. But the plaintiff disputes the jurisdiction of this court on the ground that the amount involved is less than the amount required to give the court jurisdiction under the act of congress of March 3, 1887, as corrected and amended by the act of August 13, 1888 (1 Supp. Rev. St. U. S. [2d Ed.] 611). If the action might be considered as an entirely distinct and independent case, and disconnected from any other cause within the jurisdiction of this court, the plaintiff would have to be sustained in his contention. But the case has grown out of the transactions of the receiver and his employés in the operation of the railroad, under authority of this court, and the receiver, in his official capacity as an officer of this court, is called upon to defend the property in his control and custody. The case must, therefore, be regarded as ancillary to the principal action now pending in this court, and in which the amount involved is many times greater

than the amount specified in the statute as essential to jurisdiction. By a number of decisions of the supreme court of the United States it has become definitely settled that when a United States circuit court acquires complete jurisdiction of a suit against an insolvent corporation, and takes into its custody and control the assets and business of such a corporation, the jurisdiction of the court embraces not only the principal cause, but as well all the side issues and branches of the litigation involving rights of the corporation itself or its creditors or employés, and affecting the administration of the estate. All actions and proceedings which are ancillary to the principal cause, and which may be litigated in the same district, are cognizable in a circuit court, regardless of the citizenship of the parties, the nature of the controversy, or the amount involved. In the opinion of the supreme court by Mr. Justice Brown, in the case of McNulta v. Lochridge, 141 U. S. 327–332, 12 Sup. Ct. 13, it is said that "actions against the receiver are in law actions against the receivership, or the funds in the hands of the receiver; and his contracts, misfeasances, negligences, and liabilities are official, and not personal; and judgments against him as receiver are payable only from the funds in his hands." And in the case of White v. Ewing, 159 U. S. 36–40, 15 Sup. Ct. 1019, the opinion of the court by the same learned justice asserts that where a circuit court obtains jurisdiction over an insolvent corporation by the filing of an original bill and by the appointment of a receiver, "any suit by or against such receiver, in the course of the winding up of such corporation, whether for the collection of its assets or for the defense of its property rights, must be regarded as ancillary to the main suit, and as cognizable in the circuit court, regardless either of the citizenship of the parties, or of the amount in controversy. * * * *" And. "where an insolvent corporation is placed in the hands of a receiver of the circuit court, such appointment draws to the jurisdiction of that court the control of its assets, so far as persons having claims to participate in the distribution of such assets are concerned, and that parties must go into that court in order to assert their rights, prove their demands, and receive whatever may be due them, or their share or interest in the estate. * * * There is just as much reason for questioning the jurisdiction of the court in this case upon the ground of the want of diverse citizenship as upon the ground that the requisite amount is not involved." The cases of Rouse v. Letcher, 156 U. S. 47–50, 15 Sup. Ct. 266, and Rouse v. Hornsby, 161 U. S. 588–591, 16 Sup. Ct. 610, may also be referred to as explaining and amplifying the position of the supreme court on this subject. In both cases it is held that controversies affecting an estate in course of administration may be litigated in a circuit court of the United States having jurisdiction and custody of the estate, although such controversies would not be cognizable therein if the court had not previously acquired jurisdiction of the estate. It is the doctrine of the supreme court that when a circuit court of the United States assumes jurisdiction of a litigated claim against a receiver, the jurisdiction is referable to the main case in which the receiver was appointed, and in which the court acquired jurisdiction of the estate out of which such claims are to be satisfied. Upon this doctrine I rest my decision denying the motion to remand.

for this action, if it had been originally brought in this court, to recover a sum less than $2,000, would have been cognizable herein as an action ancillary to the main case in which the defendant Burleigh was appointed receiver, and I hold that the action is none the less ancillary because commenced in a state court. The parent case would be removable if it had been commenced in a state court, and the right of removal extends to and includes all actions and controversies which are its offshoots, and which must be determined before the receiver can close his accounts and be discharged from liability. Motion to remand denied.