## ST. LOUIS, ARKANSAS & TEXAS RAILWAY COMPANY *v.* TRIGG.

### Opinion delivered March 6, 1897.

REMOVAL OF CAUSE—ACTION AGAINST RECEIVER.—An action in tort against a railway company and its receivers appointed by a federal court is removable from a state to a federal court, as involving the construction of a federal statute.

SAME—WHO MUST UNITE IN APPLICATION.—Under the act of Congress permitting the "defendant or defendants" to remove a cause from a state to a federal court, all the defendants must unite in the application.

ACTION FOR NUISANCE—PARTIES.—A railway company may be joined with the receivers of its property as defendants in an action for maintaining a continuing nuisance.

OVERFLOW—DAMAGES TO RENTED LAND.—In an action to recover damages caused by the flooding of plaintiff's land and crops, no recovery can be had for damages to crops on such part of the land as was rented out to tenants who paid their rent.

Appeal from Clark Circuit Court.

RUFUS D. HEARN, Judge.

*Sam H. West* and *Gaughan & Sifford* for appellant.

1.  The court erred in denying the petition for removal.  50 Ark. 388; 69 Fed. Rep. 417; 141 U. S. 327; act March 1887, as corrected by act August 13, 1888, U. S.; 59 Fed. Rep. 523: 145 U. S. 593; 152 U. S. 454; 104 U. S. 126.

2.  There is no testimony to support the judgment in this case.

*Scott & Jones* for appellee.

1. If appellants ever had a right to remove the cause, they are estopped by taking a change of venue and going to trial. Dillon, Removal of Causes (5 Ed.), sec. 154; 67 Wis. 210; 21 Fed. Rep. 1; 13 Blatch. 224.

2. The receivers have no right to a removal. The action was for a tort by the railway company and the receivers jointly, and there is certainly no federal question as to the railway company. 38 Fed. Rep. 865; 118 U. S. 264; Dillon, Removal (2 Ed.), § 43; 45 U. S. 41; 4 McCrary, 426; 117 U. S. 275; 118 *id.* 596; 146 *id.* 117; 21 Fed. Rep. 593; 8 Blatch. 73; 151 U. S. 56. There was no federal question in the case. Dillon, Removal, (5 Ed.), sec. 78; 92 U. S. 723; 91 U. S. 380; 4 Sawy. 178. The act of Congress gives the right to sue the receivers, and there is nothing in the constitution of the United States that conflicts with it. 40 Fed. Rep. 526; 41 *id.* 551. The state court has the right to look into the question of removal, and compare it with the statute. 95 U. S. 186; 59 Ga. 17; 130 Mass. 431; 117 U. S. 430; 131 *id.* 240; 148 *id.* 255; 160 *id.* 556.

3. Both of the appellants contributed to the nuisance by increasing the height of the obstruction, and both are liable. Webb's Pollock on Torts, 508.

W. S. McCAIN, Special Judge. This was an action in tort against the Texas & St. Louis Railway Company, and against the receivers of that company's property, to recover damages caused by the flooding of appellee's land and crops. The receivers held their appointment from the federal court, and on that ground they filed an application to remove the cause to the United States circuit court. We conclude that, under the ruling in *Texas & Pacific Railway Co.* v. *Cox*, 145 U. S. 593, the cause was removable, as being one involving the construction of a federal statute. See, also, *Jewett* v. *Whitcomb*, 69 Fed. Rep. 417; *Rouse* v. *Hornsby*, 161 U. S. 588.

*Right to remove action against receiver.*

Who must
unite in
application.

All the defendants, however, did not unite in the application for removal. This was essential. The language of the statute is that the "defendant or defendants" may remove the cause. Another clause of the same section allows "one or more of the defendants to remove," but appellees do not claim any right to remove under this last clause. Some of the federal judges, we find, have held that the phrase "defendant or defendants" is the same as if the language of the statute was "the defendants or any of several defendants," but we think this interpretation does some violence to the language of the act, and it is contrary to its spirit and policy.

The supreme court of the United States have not passed on this question, so far as we are able to find, but a majority of the federal decisions support the view which we take of the statute. The following are among the several cases *pro* and *con* on this point: *Ruckman* v. *Palisade Land Co.*, 1 Fed. Rep. 367; *State* v. *Ill. Cent. R. Co.*, 16 Fed. Rep. 881; *Mutual Life Ins. Co.* v. *Champlin*, 21 Fed. Rep. 85; *Mayor* v. *Steamboat Co.*, 21 Fed. Rep. 593; *Stanbrough* v. *Cook*, 38 Fed. Rep. 369; *Landers* v. *Felton*, 73 Fed. Rep. 312; Dillon, Removal of Causes, sec. 15 b.

Parties in
action for
nuisance.

The wrong, or at least a part of the wrong, complained of by appellee was that appellants were guilty of maintaining a continuing public nuisance, and, looking at it in that light, we think it was no error to unite the railway company as a defendant in the same action with the receivers. This view of the case was antagonized by the first and third declarations of law asked by appellants, and hence there was no error in refusing them.

We have had little difficulty in reaching a satisfactory conclusion as to the legal questions presented by the record, but the facts of the case have given us more

trouble. The extraordinary rise in the river was such an obvious and proximate cause of the breaking of appellee's levees, and the destruction of his crops, that we can hardly yield to the claim that the real cause of appellee's loss was anything so remote as the faulty construction and maintenance of a railroad embankment some miles distant.

A majority of the court, however, are agreed that there is some evidence tending to show that the appellee's damage was caused by this negligent conduct of appellants, and that a finding for the appellee by the trial judge should not, therefore, be disturbed. We think, however, that the amount of damages allowed to plaintiff is excessive. This amount is not in excess perhaps of all the damage done to the land and crops, but about half the place was rented out to tenants who paid their rent, and appellant would not be entitled to recover for damage done to the crops of the tenants. The place contained about 300 acres, and about half of this was rented out at the rate of 50 pounds of lint cotton per acre, and the rent thus realized, with cotton at $8\frac{1}{2}$ cents per pound, amounted in the aggregate to about $600. For his interest in the crop on the remainder of the place, and for the damage done to his levees and fences, we think $1,500 as much as the testimony will warrant. So the judgment will be reversed, unless appellee will enter a remittitur for all over $1,500.

*Damages recoverable for overflow.*