## RAY v. PEIRCE.

(Circuit Court, D. Indiana. July 14, 1897.)

REMOVAL OF CAUSES—AMOUNT IN CONTROVERSY—RECEIVER.

Where a suit is instituted in a state court against the receiver of a railroad appointed by the federal circuit court for that district without leave of the court by which he was appointed, and the amount in controversy is $2,000 or less, the receiver has no right to the removal of such cause to the court by which he was appointed, where his petition fails to show a state of facts making the removal necessary to the promotion of the ends of justice.

This is an action for personal injuries, brought in the state court by Harrison Ray against Robert B. F. Peirce, as receiver of the Toledo, St. Louis & Kansas City Railroad Company. A petition by defendant for removal was denied by the state court, whereupon he procured a transcript, and filed it in this court. Heard on motion to remand.

Blacklidge & Shirely, for plaintiff.

Clarence Brown and Charles A. Schmettau, for defendant.

BAKER, District Judge. On November 28, 1896, the plaintiff commenced an action, without having procured the previous leave of this court, in the circuit court of Howard county, Ind., against the defendant as receiver, to recover damages sustained by the plaintiff by reason of injuries to his person and property by coming in collision with a locomotive engine and train of cars controlled and operated by the defendant, as receiver, under such circumstances as to render such receiver liable in damages therefor. The plaintiff, in his complaint, asked damages in the sum of $2,000. The defendant was duly served with summons to answer the complaint, returnable on December 21, 1896. On the return day the defendant filed in the state court his petition and bond for the removal of the case into the circuit court of the United States for the district of Indiana. The removal, after consideration, was denied by the state court on January 29, 1897. The defendant, notwithstanding the ruling of the state court, having procured a transcript of the pleadings and proceedings in the cause, filed the same in the office of the clerk of this court on April 3, 1897. The verified petition of the receiver showed that on January 23, 1895, in the suit of the Continental Trust Company et al. against the Toledo, St. Louis & Kansas City Railroad Company et al. for the foreclosure of a mortgage on the assets and property of that railroad company, the defendant, Robert B. F. Peirce, was appointed receiver of the assets and property of the railroad company, and is still acting as such receiver; that the present action was brought against the defendent as such receiver, and in his official capacity as an officer of this court, for damages for personal injuries and injury to personal property alleged to have been sustained by the plaintiff by reason of the negligence of the receiver's employés.

The petitioner bottoms his right of removal on two grounds: First, that the suit is one arising under the laws of the United States; and, second, that it is one arising out of the transactions of the defendant

in his official capacity as receiver of the Toledo, St. Louis & Kansas City Railroad, and in its operation under the authority of this court, and as such that it is a suit ancillary to the suit now pending in this court in which the defendant was appointed receiver. The fact that the suit is one arising under the laws of the United States does not entitle the defendant to remove the same from the state to the national court unless the matter in dispute exceeds, exclusive of interest and costs, the sum or value of $2,000.   25 Stat. 434, § 2. Hence, if the suit is removable on the application of the receiver, such right of removal is dependent on the ground that the suit is one growing out of the acts and transactions of the receiver as an officer of this court, and as such is ancillary to the suit now pending in this court in which the defendant was appointed receiver. When a court exercising jurisdiction in equity appoints a receiver to hold the property of an insolvent corporation, that court assumes the administration of the estate.   The possession of the receiver is the possession of the court, and the court itself holds and administers the estate through the receiver, as its officer, for the benefit of those whom the court shall ultimately adjudge to be entitled to it.   Porter v. Sabin, 149 U. S. 473, 13 Sup. Ct. 1008; White v. Ewing, 159 U. S. 36, 15 Sup. Ct. 1018.   The possession of the court, through its receiver, draws to the jurisdiction of that court the control of the assets of the insolvent, so far as persons having claims to participate in the distribution of such assets are concerned, and parties must go into that court in order to assert their rights, prove their claims, and secure whatever may be due them, or their share or interest in the estate.   It is the settled law that every person having a claim or demand against an estate in the possession of a receiver, or against the receiver for any act or transaction of his in his official capacity, must assert such claim or demand in the court in which such receiver was appointed, without regard to the nature of the controversy, the citizenship of the parties, or the sum or value of the matter in dispute.   The prosecution against the receiver of any such claim or demand in any other court without the leave of the court appointing such receiver would be regarded as a contempt of its authority, and any judgment recovered against him in his official capacity in any other court would be treated as unauthorized and void by the court having jurisdiction of the estate of the insolvent in the possession of its receiver.   Such are the general principles of the law, uninfluenced by legislation applicable to receiverships.   The consequences flowing from these principles of the law were found to be intolerably burdensome to persons having small claims and demands against the insolvent or against the receiver for his acts or transactions in his official capacity.   To compel the claimant to prosecute a suit against the receiver of a railroad for a small demand in the court of his appointment, generally remote from the claimant's residence, involved such inconvenience and expense as to amount in many cases to a practical denial of justice.   Even an application to the court who appointed the receiver for leave to sue in another court nearer the residence of the claimant and his witnesses was found to be inconvenient and expensive, and fre-

quently such applications were met with denial. With the multiplicity of railroad receiverships the evil became so intolerable that legislation was found necessary to secure relief. Section 3 of the act of March 3, 1887, as amended and re-enrolled in the act of August 13, 1888 (25 Stat. 436), provides:

"That every receiver or manager of any property, appointed by any court of the United States, may be sued in respect of any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court in which such receiver or manager was appointed; but such suit shall be subject to the general equity jurisdiction of the court in which such receiver or manager was appointed, so far as the same shall be necessary to the ends of justice."

It is apparent that this provision of the statute still leaves claimants at liberty to prosecute their claims against a receiver in the court of his appointment, and therefore it follows that the jurisdiction of the courts of the United States to hear and determine such claims when prosecuted by claimants remains unaffected.

It is also clear that such claimants are at liberty, without previous leave of the courts of the United States, to sue the receiver of such courts in any other court in respect of any act or transaction of his in carrying on the business of such receivership. On the part of the claimant it is contended that such right to sue the receiver, given by the statute, carries with it the right to pursue the case to final judgment in the court in which the suit was brought, when the matter in controversy is $2,000 or less in value. On the part of the receiver the contention is that the present suit is ancillary to the principal suit now pending in this court, and hence is removable from the state court into this court, although the matter in controversy is only $2,000 in value. The question here involved has never been decided by the supreme court, and, so far as this court is advised, it has never been passed upon but once by a circuit court. The right of receivers to remove any suit brought in a state court where the matter in dispute, exclusive of interest and costs, exceeds the sum or value of $2,000, remains unaffected by the act of 1887–88. The right of removal in such cases rests upon the fact that the suit is one against a receiver appointed by a court of the United States, and is, therefore, one arising under the laws of the United States. The right to sue in the state court without procuring the leave of this court includes the right to prosecute such suit to final judgment when the amount involved is $2,000 or less. When the amount in controversy is $2,000 or less, perhaps under the last clause of section 3, if the petition for removal showed a state of facts making a removal necessary to the promotion of the ends of justice, this court would permit the removal, and take jurisdiction, even though the state court had denied a removal. But no such state of facts is disclosed by the petition for removal filed in this case. As was said by the supreme court in the case of Railway Co. v. Johnson, 151 U. S. 81, 103, 14 Sup. Ct. 250, 256:

"Certainly the preservation of general equity jurisdiction over suits instituted against receivers without leave does not, in promotion of the ends of justice, make it competent for the appointing court to determine the rights of persons who were not before it, or subject to its jurisdiction; and the right to sue without resorting to the appointing court, which involves the right to obtain judgment, can-

not be assumed to have been rendered practically valueless by this further provision of the same section of the statute which granted it."

If, in suits involving $2,000 or less, brought in a state court, the receiver may at once remove them into a court of the United States, then the right to sue secured to the claimant by the statute is rendered practically valueless. Such a construction would defeat the true meaning and intent of the statute. The statute abrogates the old rule on the subject of suing receivers. It is made lawful now to sue a receiver appointed by a court of the United States without procuring the leave of that court. The court has no discretion to say when or where its receiver may be sued. The right to sue is given without condition or limitation, and, as was said by the supreme court, it "cannot be assumed to have been rendered practically valueless by this further provision of the same section of the statute which granted it." The cases cited and relied on in the case of Carpenter v. Railroad Co., 75 Fed. 850, decide nothing in conflict with the foregoing views, as a brief review will show. The case of McNulta v. Lochridge, 141 U. S. 327, 12 Sup. Ct. 11, was one where Lochridge, the defendant in error, began two suits in a state court against McNulta, the plaintiff in error, as receiver of the Wabash, St. Louis & Pacific Railway Company, to recover damages for the death of James and Mary E. Molohan, alleged to have been occasioned by the negligent management of an engine at a public crossing. At the time the cause of action arose, Thomas M. Cooley was receiver of the road under an order of the circuit court of the United States for the Southern district of Illinois, in a suit to foreclose a mortgage upon the road. Judge Cooley having resigned his receivership, McNulta was appointed his successor, and was in possession and operating the road at the time the suits were brought. Demurrers were interposed to the declarations, and overruled, and the suits were subsequently consolidated, tried, and a verdict was returned, and judgment entered thereon in favor of the plaintiff for $6,000. This judgment was subsequently affirmed by the appellate court, and again by the supreme court of the state. 27 N. E. 452. Defendant thereupon sued out a writ of error to the supreme court of the United States, and assigned as error—First, that the supreme court of the state erred in holding that under the act of congress of March 3, 1887, the plaintiff was entitled to maintain the action, when it appeared from the record that McNulta was not the receiver when the cause of action accrued; and, second, in holding that under said act McNulta could be sued as receiver with respect to any act or transaction which accrued before his appointment, without the previous leave of the court of the United States by which he was appointed. The supreme court held that the first assignment of error did not present a federal question, but a question of general law, namely, whether one person holding the office of receiver can be held responsible for the acts of his predecessor in the same office. The court further held that the substance of the second assignment was that the supreme court of Illinois erred in holding that such suit could be maintained against the present receiver for the acts of his predecessor, without the previous leave of the court appointing him. The

court were of opinion that there was no foundation for the contention of the receiver that the state court erred in so holding. They said:

"The act of March 3, 1887, declares that every receiver * * * may be sued in respect of any act or transaction of his in carrying on the business connected with such property without the previous leave of the court in which said receiver or manager was appointed. We agree with the supreme court of Illinois that it was not intended by the word 'his' to limit the right to sue to cases where the cause of action arose from the conduct of the receiver himself or his agents; but with respect to such liability he stands in the place of the corporation."

It was also observed that:

"The receivership was continuous and uninterrupted until the court relinquished its hold upon the property, though its personnel may be subjected to repeated changes."

The court then proceeded to say:

"Actions against the receiver are in law actions against the receivership, or the funds in the hands of the receiver; and his contracts, misfeasances, negligences, and liabilities are official, and not personal, and judgments against him as receiver are payable only from the funds in his hands. As the right given by the statute to sue for acts and transactions of the receivership is unlimited, we cannot say that it should be restricted to causes of action arising from the conduct of the receiver against whom the suit is brought, or his agents."

This case did not present, nor did the court decide, the question of the right of the receiver to remove from a state into a national court a suit against him involving $2,000 or less.

In the case of White v. Ewing, 159 U. S. 36, 15 Sup. Ct. 1018, the question certified to the supreme court was this: Has the circuit court of the United States, in a general creditors' suit properly pending therein for the collection, administration, and distribution of the assets of an insolvent corporation, the jurisdiction to hear and determine an ancillary suit instituted in the same cause by its receiver in accordance with its order, against debtors of such corporation, so far as in said suit the receiver claimed the right to recover from any one debtor a sum not exceeding $2,000? The court said the question so certified did not demand their opinion whether or not a single bill against all the defendants would lie for the amounts severally due by them, but whether, so far as in said suit the receiver claimed the right to recover from any one debtor a sum not exceeding $2,000, the court had jurisdiction to render judgment against him. The court held that the question must be answered in the affirmative. The third section of the act of March 3, 1887, has no application to this question, and it was not cited or referred to by the court in its opinion. The case was decided on the general principles of law applicable to receiverships, and what was said by the court on that subject was a statement of general principles, uninfluenced by the statute. It cannot be claimed that the general expressions found in the opinion of the court throw any light on the meaning and effect of section 3 of the statute in question. The question for decision there did not involve any consideration of that section, and the case was decided exclusively upon the general principles of the law of receiverships. The cases of Rouse v. Letcher, 156 U. S. 47, 15 Sup. Ct. 266, and Rouse v. Hornsby, 161 U. S. 588, 16 Sup. Ct. 610, did not involve the question now before

the court, and the opinions of the court in those cases reflect no light upon the construction and effect of the statute in its application to the question at bar.

We are aware that the views expressed here are in conflict with the opinion of the court in Carpenter v. Railroad Co., supra; but, after an attentive consideration of that case, the court finds itself unable to follow it. The order of the court is that the cause be remanded to the circuit court of Howard county, Ind., at the costs of the receiver.