## SULLIVAN v. BARNARD.

### (Circuit Court, W. D. Missouri. July 17, 1897.)

REMOVAL OF CAUSES—RECEIVER—AMOUNT IN CONTROVERSY.

> Where a suit is instituted in a state court against the receiver of a railroad appointed by the federal court for that district without leave of the court by which he was appointed, the receiver may remove the cause to the court administering the trust, although the amount in controversy is less than $2,000.

This is an action by Joseph W. Sullivan against J. T. Barnard, as receiver of the Omaha & St. Louis Railway Company, for personal injuries, removed from the state court on petition of defendant. Heard on motion to remand.

H. Q. Bridges, for plaintiff.

Theodore Sheldon, for defendant.

PHILIPS, District Judge. This is a motion to remand the cause to the state court from which it was removed into this court. The ground for removal is that the amount in controversy is less than $2,000, exclusive of interest and costs. To understand this contention, it must be stated that defendant, as the petition alleges, at the time of the institution of the suit in the state court was a receiver appointed by the United States circuit court for the Southern district of the state of Iowa, and also in the United States circuit court for this district; and he was sued as such receiver in the state circuit court for Gentry county, in this district. The action is to recover damages for personal injuries alleged to have been sustained by plaintiff, as employé of the railroad, while being managed and controlled by the receiver. The amount of damages claimed in the petition is $1,999. Such an exact and unusual sum was evidently consented to by plaintiff as the measure of his damages for the purpose, as he conceived, of avoiding the jurisdiction of the United States court. It has been directly held in Carpenter v. Railroad Co., 75 Fed. 850, that an action against a receiver appointed by a federal circuit court, growing out of the operation of a railroad, is anc...lary to the suit in which the receiver was appointed, and that such a controversy is cognizable in the United States court, regardless of the citizenship of the parties, the nature of the controversy, or the amount involved. This ruling was bottomed upon the proposition established by the supreme court that actions against receivers, in contemplation of law, are actions against the receivership, or the funds in the hands of the

receiver; that his contracts and negligent acts are official, and not personal; and any judgment against the receiver is payable only out of the funds in his hands. McNulta v. Lochridge, 141 U. S. 327, 332, 12 Sup. Ct. 11. In White v. Ewing, 159 U. S. 36, 40, 15 Sup. Ct. 1018, 1019, Mr. Justice Brown said:

"The circuit court obtained jurisdiction over the Cardiff Coal & Iron Company [that is, the insolvent company] by the filing of the original creditors' bill by Bosworth, a citizen of Massachusetts, and by the appointment of a receiver; and any suit by or against such receiver, in the course of winding up of such corporation, whether for the collection of its assets or for the defense of its property rights, must be regarded as ancillary to the main suit, and is cognizable in the circuit court, regardless either of the citizenship of the parties or the amount in controversy."

The suit against the receiver in the case at bar is predicated of his misfeasance or negligence in operating the property intrusted to his care and control. Any judgment recovered against him would be a charge against the estate, and, if paid, would be taken out of the trust funds being administered by the court. It therefore concerns the court itself, which is managing the estate through the receivership, and affects the property in the custody of the court. The plaintiff in this case, just as the plaintiff in the case of Rouse v. Letcher, 156 U. S. 47, 15 Sup. Ct. 266, did, might have filed his intervening petition for relief against the receiver, either in the United States circuit court of Iowa or in this district, and had his claim investigated by the master, and his judgment ordered paid out of the assets in the hands of the receiver. But, availing himself of the privilege of the present judiciary act to institute his suit in the state court without leave of the court administering the estate, can it be that he can thereby escape the right of removal to the United States court? It is true, as contended by plaintiff's counsel, that the present judiciary act authorizes a plaintiff to bring his suit either in the United States court or in the state court where he may find the receiver, without leave of the court. But there is nothing in the statute that denies to the receiver the right of removal of the cause into the United States court. That right remains just as it did before the enactment of the statute of 1887–88. It is to be observed that the second section of the act does not limit this right of removal into the circuit court administering the estate. The statute simply declares "that any suit of a civil nature," etc., "arising under the constitution or laws of the United States of which the circuit courts of the United States are given original jurisdiction by the preceding section, brought in any state court, may be removed by the defendant to the circuit court of the United States for the proper district"; that is, the United States court sitting in the district where the suit was instituted.

It is suggested by counsel for plaintiff that the case of Carpenter v. Railroad Co., supra, is distinguishable from the case at bar on the ground that in the Carpenter Case the suit was removed from the state court of the district of the United States court administering the insolvent estate; whereas, in the case at bar, the suit was instituted against the receiver in a district other than that presided over by the United States court of primary jurisdiction. And the argument is

made that, because the plaintiff, a resident citizen of this district, could not have sued the nonresident receiver in this court in the first instance, therefore the suit is not removable. If the jurisdiction depended solely on the diverse citizenship of the parties, it would be sufficient answer to this contention that the suit may be instituted in the United States circuit court in the district whereof the plaintiff is a citizen and the nonresident defendant is found.' Machine Co. v. Walthers, 134 U. S. 41, 10 Sup. Ct. 485. There is nothing in the record in this case to negative the presumption that the process which brought the defendant into the state court was served on him personally in the county from which the cause was removed. But, waiving this, and conceding that such right of removal depended upon the fact that the cause of action arises under the laws of the United States, the petition for removal sworn to recites the fact that defendant was appointed receiver of the railway in question "by the circuit court of the United States for the Western district of Missouri and the Southern district of Iowa." Conceding that the receivership here is ancillary to that of the Iowa court, this court is auxiliary to the Iowa court, assisting in administering the esta' · in custodia legis. In this view of the record, it is not necessary that I should discuss the right of removal in such case as that assumed by counsel in his brief. Until the case of Carpenter v. Railroad Co., supra, is overruled by the supreme court, I deem it but respectful and conservative to follow it. The motion to remand is denied.