GILMORE v. HERRICK et al.

(Circuit Court, N. D. Ohio, W. D.  April 13, 1899.)

REMOVAL OF CAUSES—SUITS AGAINST FEDERAL RECEIVERS.

Suits against receivers of a federal court, brought in a state court, as permitted by section 3 of the judiciary act of 1888, cannot be removed from that court on the ground that they are ancillary to the receivership suit, and are not removable unless the amount in controversy is sufficient to bring them within the general removal provisions of section 2.

On Motion to Remand.

I. N. Huntsberger, for plaintiff.

Doyle & Lewis and Squire, Sanders & Dempsey, for defendant.

TAFT, Circuit Judge.  This is a motion to remand.  The suit was filed in the common pleas court of Lucas county against receivers managing a railroad under orders of this court, to recover damages in the sum of $1,995 for negligence in their operation of the road, resulting in plaintiff's injury.  By virtue of section 3 of the jurisdiction act of August 13, 1888, suits of this character may be brought against such receivers without previous leave of the court.  It is conceded by the counsel for the plaintiff that such a suit is one arising under the constitution and laws of the United States, and the concession is based on a number of cases.  Railway Co. v. Cox, 145 U. S. 593, 12 Sup. Ct. 905; Tennessee v. Union & Planters' Bank, 152 U. S. 454, 463, 14 Sup. Ct. 654; Rouse v. Hornsby, 161 U. S. 588, 16 Sup. Ct. 610; Central Trust Co. v. East Tennessee, V. & G. Ry. Co., 59 Fed. 523; Landers v. Felton, 73 Fed. 311; Board v. Peirce, 90 Fed. 764.  By the first section of the act of 1888, circuit courts of the United States are given original jurisdiction of such suits when the amount in controversy exceeds, exclusive of interest and costs, $2,000.  By the second section of the same act, suits of which, by the first section, the federal circuit courts have original jurisdiction, may, when brought in a state court, be removed to the proper federal circuit court.  The amount involved in the suit before the court, exclusive of interest and costs, is but $1,995. This court would not, therefore, have original jurisdiction of it under the first section of the act of 1888, and, as a necessary consequence, it could not, if brought in a state court, be removed, under the second section of the act, to this court.  Tod v. Railway Company, 65 Fed. 145.

It is said, however, that a suit against a receiver is ancillary to the suit in which the receiver is appointed, and therefore that, if it is brought in a state court, it may be removed to the federal court in which the principal suit is pending.  The power of one court to stop proceedings in a suit lawfully begun and pending in another, and to take such suit within its own jurisdiction for further hearing and final disposition, is the exercise of an unusual and high prerogative, and must be based on clear statutory authority.  Such a power is not to be presumed or implied.  There is no language in any removal statute which justifies removal of a cause from a state court to a federal court on the ground that it is ancillary to a suit in a federal court.  On the contrary, the removals under the second section of the act of 1888,

which is the only section permitting removals, are expressly limited to those cases of which the circuit court has original, not ancillary, jurisdiction by the first section. It may be conceded that, where a principal cause is removable, under the statute, from a state court, the removal of it might carry with it ancillary proceedings in the same court and cause as part of the same suit. But that is not the case before us. The principal suit is now in the circuit court of the United States. The so-called "ancillary suit" is in the state court, and it is sought to unite them by the power of removal. Except in two cases recently decided, and hereafter cited, it has never been held that a federal court of equity might use the power of removal to control the course of proceedings ancillary to causes pending before it. It is true that, before the enactment of section 3 of the act of 1888, litigants against federal court receivers were prevented from resorting to the state courts by their inability to sue such receivers except with the permission of the court appointing them. Such suits were then purely ancillary to the suit in which the receivers were appointed, and were completely subject to the control of the court in which the main action was pending. They were kept within the control of the court not by removal, however, but by the process of contempt against any one who should attempt to sue the receivers without leave. So, too, suits in which it is sought to deal with the property in the custody of the receivers, to subject it to sale or other remedy, can still be brought only by intervening petition, or by dependent bill filed by leave of the court. Compton v. Railroad Co., 31 U. S. App. 486–524, 15 C. C. A. 397, 68 Fed. 263. In this sense it is said that a court having custody of property draws to itself jurisdiction to consider and decide all questions arising concerning its disposition and management, even between persons not parties to the original suit in which it became necessary to take custody of the property. This is not effected, however, in a federal court, by virtue of any statute of removal, but solely through the inability of any other court to grant relief in respect of such property because it is in the custody of the federal court, and thus is beyond the jurisdiction of such other court. Any one claiming an interest in such property may appeal to the federal court for relief, which, in order to prevent injustice, through its process may exercise a purely ancillary jurisdiction to administer justice between such claimant and any one else claiming an adversary interest. Such ancillary jurisdiction is exercised only upon the prayer of the claimant filed in the principal cause. It is not exercised against one who might be a claimant by removing a suit lawfully begun by him in another jurisdiction. Congress, by section 3 of the act of 1888, has, in effect, declared that suits against receivers touching their transactions as such are no longer to be brought only where and in the form which the court appointing them shall permit, but in any court of competent jurisdiction, and in the form in which suits against other persons may be brought. They have ceased to be ancillary in the sense that they can be drawn to the court and cause in which the defendants were made receivers, either by process of contempt or otherwise. As suits they are no longer part of the original litigation. When reduced to judgment, of course, payment can only be enforced against the prop-

erty, and the priority of the claim determined, in the court in which the original litigation is pending, and in which the receivers were appointed; and this is the scope and meaning of the second paragraph of section 3 of the act of 1888. Central Trust Co. v. East Tennessee, V. & G. Ry. Co., 59 Fed. 523. Under that section suits against receivers are to be conducted, so far as their trial is concerned, not as ancillary suits, but as suits of original cognizance. If, thus considered, they come within the removal statute, and can be removed to the same court in which the receivers have been appointed, that court must try them, not as ancillary proceedings, but as independent suits, and can exercise no power to change their form from that which they had in the state court. Thus, if brought as suits at law in the state court, when removed they must be tried before a jury as suits at law.

Much reliance is placed by counsel and by the courts upholding the right to remove suits like the case at bar upon White v. Ewing, 159 U. S. 36, 15 Sup. Ct. 1018. That was not a removal case. The question certified and answered in that case was whether a federal court of equity might authorize its receiver, appointed upon a creditors' bill to collect and distribute the assets of an insolvent corporation, to bring suits in the course of his administration in the same court against debtors of the corporation for sums less than $2,000. The question was answered in the affirmative on the ground that such suits were merely ancillary to the main cause, and were in furtherance of, and therefore within the original jurisdiction obtained by the court in, the principal cause under the statutes and constitution of the United States. But there is nothing in the opinion of Mr. Justice Brown in that case, and nothing in the scope of the question and answer, justifying the inference that a suit begun in the state court by or against a receiver for less than $2,000 could be removed to the federal court either under the statute or by virtue of any implied power of removal vested in federal courts of equity for the purpose of protecting and perfecting the exercise of their original jurisdiction.

Section 3 of the act of 1888 was enacted to save expense to those suing receivers. It secured to them the right to choose their own court, except as this might be modified by the removal statutes. To hold that the right of removal in all such cases is implied, is to defeat the chief purpose of congress, which was the reduction of the cost of litigation to the smaller claimants. Section 3, it will be conceded, has prevented federal courts of equity from drawing to themselves jurisdiction of suits against their receivers by injunction and process of contempt. Central Trust Co. v. East Tennessee, V. & G. Ry. Co., 59 Fed. 523. It would certainly be a strange anomaly if the intention of congress could be defeated by now implying a power of removal as a means of bringing about the same result.

The foregoing considerations lead me necessarily to the conclusion that suits against receivers of a federal court of equity cannot be removed from a state court unless the amount in controversy exceeds $2,000, exclusive of interest and costs. The point under consideration has been four times before circuit courts of the United States,—before Judge Hanford in Carpenter v. Railroad Co., 75 Fed. 850, before Judge Baker in Ray v. Peirce, 81 Fed. 881, before Judge Phillips in Sullivan

v. Barnard, 81 Fed. 886, and before Judge Thompson in Pitkin v. Cowen, 91 Fed. 599. Judge Hanford held that a suit in the state court which was ancillary to a suit in the circuit court of the United States might, for that reason, be removed to the latter court. Judge Phillips, without critically examining the question himself, yielded to the authority of Judge Hanford's judgment. Judge Baker and Judge Thompson take the opposite view, and hold that such suits are not removable unless they come within the terms of sections 1 and 2 of the act of 1888. For the reasons already stated, I concur with Judge Baker and Judge Thompson. The motion to remand is granted.