THE STATE ex inf. Attorney-General v. ARKANSAS LUMBER COMPANY et al.

In Banc, December 21, 1916.

1. **SUPREME COURT**: Jurisdiction: Garnishment: **In Aid of Original Writs.** The Supreme Court has constitutional power to issue original writs in *quo warranto*, and to try the issues therein and enforce any judgment it may render, and such jurisdiction carries with it all incidental powers necessary to enforce its judgment; and having in a *quo warranto* proceeding assessed a fine against a corporation for an abuse of its franchise, it has power to enforce its judgment by the use of the statutory writ of garnishment, even against a creditor of the offending corporation who was not a party to the original proceeding.

———: ———: ———: **Trial by Jury.** It does not follow that because if a garnishment were brought in the circuit court the garnishee would be entitled to a trial by jury, the Supreme Court has no jurisdiction to hear an ancillary statutory garnishment proceeding in aid of its judgment in *quo warranto*. Whenever a court has jurisdiction of the main subject-matter of a cause, as the Supreme Court does in *quo warranto* against corporations for a violation of the anti-trust laws, that fact gives it jurisdiction over all the incidents thereto. The jurisdiction of the Supreme Court of the ancillary proceeding, such as garnishment to enforce a fine in a *quo warranto* proceeding against a corporation, cannot be ousted because if such ancillary proceeding were tried in a circuit court the garnishee would be entitled to a trial by jury, but if tried in the Supreme Court he cannot have a jury.

Ancillary Proceeding in *Quo Warranto*.

Motion overruled.

*Jones, Hocker, Sullivan & Angert* for defendants, in support of Motion to Dismiss Garnishment.

(1). This court has no original jurisdiction of a garnishment proceeding, for the reasons: (a) Its jurisdiction is appellate only except as otherwise prescribed by the Constitution. Constitution, art. 6, secs. 2 and 3. (b) The original jurisdiction here is limited to high prerogative writs of a governmental nature, and garnishment is not such. Constitution, art. 6, sec. 3; Vail v. Dinning, 44 Mo. 215. (c) Garnishment is purely a statutory remedy, entirely unknown to the common law. Hardware Co. v. Lang, 54 Mo. App. 152; Mfg. Co. v. Mill Co., 79 Mo. App. 158; Bank v. Barnett, 98 Mo. App. 479; 9 Ency. Pl. & Pr., p. 809; 20 Cyc. 978. (d) The General Assembly cannot create the statutory proceeding of garnishment, so as to give this court jurisdiction thereof, because the original jurisdiction of this court is constitutional and can neither be enlarged or restricted by statute. Blunt v. Shepard, 1 Mo. 219; Foster v. State, 41 Mo. 61; Vail v. Dinning, 44 Mo. 215; State v. Flentge, 49 Mo. 488; State ex inf. v. Bland, 144 Mo. 557; State ex inf. v. Townes, 153 Mo. 106; State ex inf. v. Standard Oil Co., 218 Mo. 347. (e) A garnishment proceeding is a legal proceeding by the judgment creditor against the proposed garnishee, and not a mere supplementary proceeding. Wilson v. Railroad, 108 Mo. 601. (f) Issues arise therein upon which the garnishee is entitled to a jury trial. Holker v. Hennessy, 141 Mo. 527. (2) The judgment of this court assessing a fine against the principal debtor was beyond the powers of the court in a *quo warranto* proceeding. (a) Sec. 2635, R. S. 1909, authorizing a fine in *quo warranto,* is by its terms limited to proceedings in the circuit court. R. S. 1909, sec. 2635; State ex rel. v. Stewart, 32 Mo. 381; State ex rel. v. Buskirk, 43 Mo. 113; State ex rel. v. Townsley, 56 Mo. 113; State ex inf. v. Vallins, 140 Mo. 529. (b) The

power of the English courts to assess a fine upon infor-
mation in *quo warranto* rests upon the Statute of Anne,
and does not exist in the United States except where that
statute has been adopted. State v. Kearn, 17 R. I. 400;
Bank v. State, 1 Black (Ind.), 272; State v. Gleason, 12
Fla. 251; 23 Am. & Eng. Ency. Law (2 Ed.), p. 628.
And that statute has no application to the original juris-
diction of this court. State ex rel. v. Stewart, 38 Mo.
381. (c) The constitutional jurisdiction in *quo warranto*
does not include the power to assess a fine. State v.
Gleason, 12 Fla. 25; Bank v. Bank, 1 Black (Ind.), 272;
State ex inf. v. Messmore, 14 Wis. 119; Newhouse v.
Alexander, 110 Pac. (Okla.) 1122. The first of the cases
here cited expressly holding, under a constitutional
grant of jurisdiction precisely like our own, that there
is no jurisdiction to assess a fine, was expressly ap-
proved by this court in State ex inf. v. Investment Co.,
142 Mo. 335, and again in State ex inf. v. Standard Oil
Co., 218 Mo. 246. (d) Even under the English law, and
under the Statute of Anne, proceedings by information
in the nature of *quo warranto* against corporations did
not authorize a fine; the only proper judgment being
ouster, not affecting the title of the corporation to its
assets. Bank v. Bank, 1 Black (Ind.), 272; High, Ex.
Rem., sec. 755; Spelling, Ex. Rem. (2 Ed.), sec. 1881.
(e) If the power exists here to assess a fine in *quo war-
ranto,* it represents the only arbitrary example of un-
controlled and uncontrollable power known to our law;
and no such was ever intended by the framers of our
Constitution.

*John T. Barker,* Attorney-General, and *Lee B. Ewing,*
Assistant Attorney-General, for plaintiff, in opposition
to Motion to Dismiss Garnishment.

(1) This court has original jurisdiction in *quo war-
ranto.* Constitution, sec. 3, art. 6. (2) A grant of juris-
diction to a court carries with it the necessary and inci-
dental powers essential to effectuate it. A court's power
to apply a remedy is coextensive with its jurisdiction
over the subject-matter. A court may entertain proceed-

ings ancillary to the judgment, for jurisdiction once acquired is not exhausted by the rendition of the judgment, but continues until the judgment is satisfied, and includes the power to issue all necessary processes and take all proper proceeding for its enforcement. State ex rel. v. Assurance Co., 251 Mo. 296; State v. Boyd, 251 Mo. 476; In re Sanford, 236 Mo. 692; Phelps v. Reserve Fund L. Assn., 112 Fed. 453; Riggs v. Johnson County, 6 Wall. (U. S.) 197; Goodrich v. Staples, 2 Cush. (Mass.) 258; McGinty v. Richmond, 27 La. Ann. 606; 11 Cyc. 677. (3) Garnishment is not a new suit. It is but an incident or an auxiliary of the judgment, and a means of obtaining satisfaction of the same by reaching the defendant's credits. Tinsley v. Savage, 50 Mo. 141; Chicago Herald Co. v. Bryan, 195 Mo. 595; Goodman v. Gordon, 61 Mo. App. 691; State ex rel. v. Hughes, 135 Mo. App. 135; Chapman v. Yancey, 173 Mo. App. 145; Newland v. Wayne County, 85 Mich. 151; Wilson v. Pennoyer, 93 Minn. 348; 20 Cyc. 979. (4) This court had jurisdiction of the subject-matter and of the person of the defendant in the original action, therefore, the garnishee will not be heard to question the validity of the judgment therein. When a court has jurisdiction of the subject-matter and of the person of defendant, any judgment rendered by the court is conclusive as against the garnishee. Drake on Attachments, sec. 695; Ins. Co. v. Cohen, 9 Mo. 445; Hedrix v. Hedrix, 103 Mo. App. 43; Booneville v. Wertheimer, 29 Mo. 258; Hagerman v. Sutton, 91 Mo. 528. (5) The statutes of this State expressly confer power on all courts having jurisdiction in *quo warranto* to impose fines as well as award an ouster from the franchise or office in such proceedings. Secs. 2631, 2635, 10304, R. S. 1909; Laws 1871-72, p. 66; Sec. 1, p. 632, G. S. 1865. The Legislature had the power to prescribe the character of the remedy, and the statutes fixing the remedy do not enlarge or limit the jurisdiction of this court. State ex rel. v. Ice Co., 259 Mo. 618; State ex rel. v. Railroad, 240 Mo. 35; State v. Merry, 3 Mo. 278. The power to impose a fine in *quo warranto* existed at common law. State ex rel. v. Ice Co., 259 Mo.

618; State v. Bernoudy, 36 Mo. 281; State v. McBride, 4 Mo. 303; Bailey on Quo Warranto, secs. 315, 332; High on Extraordinary Remedies, sec. 746, 747, 752, 758. This court has repeatedly asserted its right to impose fines as well as award judgment of ouster in *quo warranto* proceedings against corporations for violations of the laws of our State. State ex inf. v. Armour Pkg. Co., 265 Mo. 152; State ex inf. v. Lumber Co., 260 Mo. 317; State ex rel. v. Ice Co., 259 Mo. 618; State ex rel. v. Ice Co., 246 Mo. 176, 223; State ex inf. v. Harvester Co., 237 Mo. 416; State ex inf. v. Oil Co., 218 Mo. 464; State ex inf. v. Armour Pkg. Co., 173 Mo. 393. (6) This court cannot now determine whether or not the issues in this garnishment case will raise a question for a jury, but if such issues do arise, this court can either call a jury here, or certify it to a circuit court to try such issues and report them back to this court. State ex rel. v. Townley, 56 Mo. 107; Chisholm v. Georgia, 2 Dall. 419.

WOODSON, J.—The facts of this case are few and may be tersly stated in the following language:

"The State, upon information of the Attorney-General, instituted her proceeding *quo warranto* in this court several years since against various incorporated companies, foreign and domestic, charging sundry violations of her anti-trust statutes and seeking the forfeiture of the corporate franchises of the alleged defenders (i. e., the forfeiture of corporate existence as to domestic companies and of the right to continue in business in the State as to the strangers).

"After much travail by litigants, counsel, commissioner and court, this proceeding culminated, so far as concerns the Bradley Lumber Company, in the assessment here of a fine of $50,000, to be levied on its possessions, as well as of a judgment of ouster from its corporate franchise. [*Vide,* 260 Mo. l. c. 317.] The fine thus levied was not paid. An execution was issued out of this court and returned unsatisfied. Thereupon the plaintiff applied to this court by proper proceeding for a citation against the defendant Bradley Lumber Com-

pany to discover assets; upon a hearing of this matter before a commissioner, information was obtained which led the State to believe that the garnishees herein are indebted to said defendant. Thereupon an *alias* execution was issued upon request of plaintiff, and the marshal of this court was directed to garnish the garnishees herein upon said execution. This was accordingly done.

"The garnishees appear before this court and move the court to dismiss the garnishment proceedings, for the reasons:

"First: That this court is without jurisdiction to hear, try or determine an original proceeding in garnishment.

"Second: Because garnishees are entitled to a trial by jury upon issues of fact which may arise in the cause.

"Third: Because there is no valid judgment against the defendant, Bradley Lumber Company."

Counsel for the garnishees first insist that this court has no original jurisdiction of a garnishment proceeding; and assign as their reason therefor, that its jurisdiction is appellate only, except as otherwise provided by the Constitution, and cite in support thereof sections 2 and 3 of article 6 of the Constitution.

Garnishment from Supreme Court.

"Sec. 2. The Supreme Court, except in cases otherwise directed by this Constitution, shall have appellate jurisdiction only, which shall be coextensive with the State, under the restrictions and limitations in this Constitution provided.

"Sec. 3. The Supreme Court shall have a general superintending control over all inferior courts. It shall have power to issue writs of *habeas corpus, mandamus, quo warranto, certiorari* and other original remedial writs, and to hear and determine the same."

In the sense in which counsel for the garnishees speak, they are correct in saying that the jurisdiction of this court is appellate only, except to issue the original writs named in said third clause of the Constitution; and that a garnishment proceeding is statutory and is not one of the original writs mentioned in said constitutional

provision is equally true, as shown by all of the authorities.

It is also true in the sense in which counsel contend that the Legislature has no power to confer original jurisdiction upon this court to try garnishment proceedings; but that is not the legal proposition the Attorney-General here presents for determination.

The Attorney-General's position is that this court, by express authority of said section three of the Constitution, has jurisdiction to issue writs of *quo warranto,* and to try and enforce the judgments it may render in any such case; and that such grant of jurisdiction to this court carries with it the necessary and incidental powers necessary to enforce its judgments and decrees. That is the well-settled law of this State and others, as decided in the following cases: State ex rel. v. Assurance Companies, 251 Mo. l. c. 296-302; Shull v. Boyd, 251 Mo. l. c. 476-477; In re Sanford, 236 Mo. l. c. 692; Phelps v. Mutual Reserve Fund L. Assn., 112 Fed. 453; Riggs v. Johnson County, 6 Wall. (U. S.) l. c. 187, 197; Goodrich v. Staples, 2 Cush. (Mass.) 258; McGinty v. Richmond, 27 La. Ann. 606; 11 Cyc. 677, 678.

It cannot be logically contended in the absence of a statute to the contrary, that the application of a common law, equitable or statutory remedy to enforce the judgment or decree of a court having jurisdiction to render the same is an assumption of additional powers. The power of a court to render a judgment is quite different from adopting an existing remedy to enforce the same after its rendition. Even a statute affecting a remedy may be perfectly valid, while if it affects the rights of the parties in the matter which the remedy is designed to accomplish, it might be void for constitutional reasons. Such statutes are numerous, and the books are full of cases drawing this distinction.

The case of State ex inf. Attorney-General v. Arkansas Lumber Co., supra, out of which this proceeding grew, was an original proceeding brought in this court by *quo warranto,* to oust the defendants from doing business in this State. This court unquestionably had

jurisdiction to hear and determine that case, and as it has repeatedly held, had the power to pronounce the judgment or decree therein rendered; therefore, if it be true, as previously stated, that a grant of jurisdiction to a court carries with it the necessary and incidental powers essential to effectuate it, then the form of the remedy resorted to in order to enforce that judgment in so far as the judgment debtor is concerned, is wholly immaterial, and the mere fact that an auxiliary proceed-. ing in the nature of a garnishment proceeding, as this is, is resorted to in this court in order to reach money or property of the judgment debtor in the hands of these third persons, no more concerns them than if a similar proceeding had been brought against them in the circuit court to enforce said judgment of this court, just so long as the proceedings do not deprive them of any of their individual property, and is confined to that of the judgment debtor found in their possession.

But counsel for the garnishees insist that the form in which this proceeding is to be tried is of great importance to them in that if tried in the circuit court they would be entitled to a jury, but not so if tried in this court.

Both of those propositions might well be conceded, but it would not from that fact necessarily follow that this court has no jurisdiction to hear this ancillary proceeding; but upon the contrary the law seems to be well settled that whenever a court has jurisdiction of the main subject-matter of a cause, that fact gives it jurisdiction over all of the incidents thereof.   [See cases before cited.]

Practically the same contention was made by counsel for defendants in the case of State ex inf. v. Standard Oil Co., 218 Mo. 1.

There it was contended that because the anti-trust laws of the State made the formation of pools, trusts, combinations, etc., of commodities a crime, the defendants were entitled to a trial by a jury.

Under those facts this court held that while it had no original jurisdiction over criminal prosecutions, a

proceeding upon information in the nature of a *quo warranto* to forfeit their franchises for a violation of the law, and to impose penalties for that violation, was a civil suit, and that this court had jurisdiction to hear the cause, and that it was immaterial whether or not the defendants were also guilty of a crime, which would subject them to criminal prosecution upon an indictment before the circuit court and a jury.

That case followed previous rulings of this court, and it has been followed in subsequent cases; consequently it must be considered as settled that because there are involved in this class of cases certain issues of fact, which if tried in the circuit court would entitle a defendant to a trial by a jury, is no reason or authority for holding they are entitled to a jury trial in this court, involving similar facts.

Both courts are created by the Constitution, and to the extent mentioned they have co-ordinate jurisdiction over the matters mentioned, and if the case is tried in the circuit court they might be entitled to a trial by a jury, but not so, if the trial takes place in this court.

Moreover, it seems illogical to me to say that a court has jurisdiction over the main subject-matter of an action, but has no jurisdiction over the matters that are merely incidental thereto. This proceeding being in the nature of an equitable garnishment, seeking to follow and subject the assets of the Bradley Lumber Company, a trust fund for the payment of its debts, alleged to have been transferred by it to the garnishees in order to evade the payment of the judgment of this court, pronounced against it in the case of State ex inf. Attorney-General v. Arkansas Lumber Co., supra, falls squarely within the ruling of the Supreme Court of the United States in the cases of White v. Ewing, 159 U. S. 36; Morgan's Co. v. Texas Central Ry. Co., 137 U. S. 171, and Rouse v. Hornsby, 161 U. S. 588.

In the first case cited the facts thereof were substantially as follows:

"The Cardiff Coal & Iron Company, a corporation of Tennessee, becoming insolvent, a creditors' bill was

filed in the circuit court for the Eastern District of Tennessee by George F. Bosworth, a citizen of Massachusetts, and a judgment creditor of the company, setting forth the insolvency of the company, the wasting of its assets, etc., and praying for a sale of the property, the collection of its choses in action, the appointment of a receiver, and for an injunction. In pursuance of the prayer of this bill the appellee, Ewing, was appointed receiver of the company, ordered to take possession of its assets, and to manage and protect the same for the benefit of the creditors under orders from the court. All creditors was ordered to file their claims.''

After the receiver qualified, said court ordered him to bring suit in the same court against certain debtors of the company, one of whom was White, the plaintiff in error, he having been in debt to the company for a sum less than $2000. The point was made that the United States court had no jurisdiction of the subject-matter of the suit, for the reason that it was for a sum less than $2000. In overruling the objection to the jurisdiction of the court, the Supreme Court of the United States said:

"The circuit court obtained jurisdiction over the Cardiff Coal & Iron Company by the filing of the original creditor's bill by Bosworth, a citizen of Massachusetts, and by the appointment of a receiver, and any suit by or against such receiver, in the course of the winding up of such corporation, whether for the collection of its assets or for the defense of its property rights, must be regarded as ancillary to the main suit, and as cognizable in the circuit court, regardless either of the citizenship of the parties, or of the amount in controversy: [Freeman v. Howe, 24 How. (U. S.) 450, 460; Krippendorf v. Hyde, 110 U. S. 276; Dewey v. West Fairmont Gas Coal Co., 123 U. S. 329; In re Tyler, 149 U. S. 164, 181; Root v. Woolworth, 150 U. S. 401, 413; Rouse v. Letcher, 156 U. S. 47, 49.]''

The other two cases announce the same rule.

As previously stated, the case at bar is an ancillary proceeding to the original cause of the State ex inf. v.

Arkansas Lumber Co. et al., supra, and this court having had jurisdiction of the parties to and of the subject-matter of that suit, one of which was the Bradley Lumber Company, it necessarily follows that this court has jurisdiction of the subject-matter of the parties to this ancillary proceeding, although the garnishees were not parties to the original suit; neither was White a party to the original suit of Bosworth v. Cardiff Coal & Iron Co., in which Ewing was appointed receiver.

There are other propositions discussed by counsel, but the views stated render it unnecessary for us to discuss them.

For the reason stated, the motion to dismiss the garnishment proceeding is overruled.  All concur, except *Blair, J.,* not sitting.