## SHEARING v. TRUMBULL et al.

(Circuit Court, D. Colorado. July 8, 1896.)

REMOVAL OF CAUSES—RECEIVER OF FEDERAL COURT.

A receiver appointed by a federal court has not a right, by virtue of his personal standing as such, to remove from a state to a federal court a suit in which he is joined as defendant with a citizen of the state. Landers v. Felton, 73 Fed. 311, disapproved.

James H. Brown, for plaintiff.

Pattison, Edsall & Hobson, for defendants.

HALLETT, District Judge. Olive D. Shearing brought suit in the district court of Arapahoe county against Frank Trumbull, receiver, and the Denver Consolidated Tramway Company to recover damages resulting to her from the death of her husband, caused by the negligent acts of the defendants. The suit was removed into this court by Trumbull, receiver, alleging that it arises under the constitution and laws of the United States. An order was made on the 13th day of May last, remanding the case, on the ground that the court has not jurisdiction of it. Trumbull now moves to vacate the order and reinstate the case. He was appointed receiver of the Union Pacific. Denver & Gulf Railway Company in this court, and if the action had been brought against him alone, there would be no doubt as to his right to remove it. But the suit is against the Denver Consolidated Tramway Company, a Colorado corporation, which has no right of removal, and the question is whether all parties defendant must have such right, in order that it may be maintained by any of them. It is said that the case arises under the constitution and laws of the United States, but it is not of that character in the sense that there is any federal question to be decided. Whenever a question arises in a case as to the proper construction or effect of the constitution or some law or treaty of the United States, a federal court has jurisdiction of the cause, without regard to the citizenship of the parties. Water Co. v. Keyes, 96 U. S. 199. A suit by or against a federal corporation, or by or against a receiver appointed in a federal court, is not of that class. In such case, the suitor has a personal standing in a federal court, in virtue of the authority under which he proceeds. A receiver appointed in a federal court is personally qualified to sue or be sued in such court, because of his appointment. He has the personal standing of a citizen of another state, when the ground of jurisdiction is the diverse citizenship of the parties. In an action of tort against several, all defendants must have the requisite qualifications in order that the suit may be removed to a federal court. Pirie v. Tvedt, 115 U. S. 41, 5 Sup. Ct. 1034, 1161. In this instance, the defendant Trumbull, as an officer of a federal court, was competent to ask for the removal, but his co-defendant was not in the same situation. As the tramway company was not qualified to remove the cause, the defendant Trumbull is under the same disability. In my judgment, Landers v.

Felton, 73 Fed. 311, on which the defendant relies, was wrongly decided, and I am not able to follow it.

The motion to vacate the order remanding the case will be overruled.