## BAUSMAN *v.* DIXON.

ERROR TO THE SUPREME COURT OF THE STATE OF ·WASHINGTON.

·No. 197. Argued and submitted January 25, 1899.—Decided February 20, 1899.

A receiver of a railroad in a State, appointed by a Circuit Court of the United States, is not authorized by the fact of such appointment to bring here for review a judgment in a court of the State against him, when no other cause exists to give this court jurisdiction.

THE case is stated in the opinion.

*Mr. Frederick Bausman* for plaintiff in error. ·

·*Mr. John E. Humphries* and *Mr. Edward P. Edsen* for defendant in error submitted on their brief, on which were also *Mr. William E. Humphrey*, *Mr. Harrison Bostwick* and *Mr. C. E. Remsberg.*

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

Dixon brought an action in the Superior Court of King County, Washington, against Bausman, receiver of the Ranier Power and Railway Company, to recover damages for injuries sustained by reason of defendant's negligence. The complaint alleged that the Ranier Power and Railway Company was a corporation organized under the laws of Washington, and engaged in operating a certain street railway in the city of Seattle; that June 13, 1893, one Backus was duly appointed by the Circuit Court of the United States for the District of Washington, receiver of the company, and qualified and served

as such until February 11, 1895, when he was succeeded by Bausman; and that the injury of which plaintiff complained was inflicted in the course of the operation of the railway, on June 15, 1893. The answer denied that Bausman's predecessor in office had employed Dixon; and that Dixon's injuries were caused by negligence; and set up contributory negligence as an affirmative defence. The action was tried by a jury and a verdict rendered in favor of Dixon, the jury also returning answers to certain questions of fact specially propounded. A motion for new trial was overruled and judgment entered on the verdict, and the cause was carried to the Supreme Court of Washington, which affirmed the judgment, (17 Washington, 304,) whereupon this writ of error was allowed.

We are unable to find adequate ground on which to maintain jurisdiction. The contention of plaintiff in error seems to be that because of his appointment as receiver the judgment against him amounts to a denial of the validity of an authority exercised under the United States or of a right or immunity specially set up or claimed under a statute of the United States. It is true that the receiver was an officer of the Circuit Court, but the validity of his authority as such was not drawn in question, and there was no suggestion in the pleadings, or during the trial, or, so far as appears, in the state Supreme Court, that any right the receiver possessed as receiver was contested, although on the merits the employment of plaintiff was denied, and defendant contended that plaintiff had assumed the risk which resulted in the injury, and had also been guilty of contributory negligence. The mere order of the Circuit Court appointing a receiver did not create a Federal question under section 709 of the Revised Statutes, and the receiver did not set up any right derived from that order, which he asserted was abridged or taken away by the decision of the state court. The liability to Dixon depended on principles of general law applicable to the facts, and not in any way on the terms of the order.

We have just held in *Capital National Bank of Lincoln* v. *The First National Bank of Cadiz*, 172 U. S. 425, that where

the receiver of a national bank was a party defendant in the state courts, contested the issues on a general denial, and set up no claim of a right under Federal statutes withdrawing the case from the application of general law, this court had no jurisdiction to revise the judgment of the highest court of the State resting thereon; and, certainly, an officer of the Circuit Court stands on no higher ground than an officer of the United States.

Defendant did not deny that he was amenable to suit in the state courts; he did not claim immunity as receiver from suit without previous leave of the Circuit Court, and could not have done so in view of the act of March 3, 1887, c. 373, 24 Stat. 552; all the questions involved were questions of general law, including the inquiry whether one person holding the office of receiver could be held responsible for the acts of his predecessor in the same office; and the judgment specifically prescribed that the "said amount and judgment is payable out of the funds held by said Bausman, as receiver of said company, which come into the hands of said receiver and are held by him as receiver, and funds belonging to the receivership which are applicable for that purpose which may hereafter come into the receiver's hands, or under direction of the court appointing such receiver."

Section three of the act of March 3, 1887, provides that: "Every receiver or manager of any property appointed by any court of the United States may be sued in respect of any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court in which such receiver or manager was appointed; but such suit shall be subject to the general equity jurisdiction of the court in which such receiver or manager was appointed, so far as the same shall be necessary to the ends of justice." It is not denied that this action was prosecuted and this judgment rendered in accordance therewith.

The writ of error is

*Dismissed.*