### TOMPKINS v. MacLEOD et al.

(Circuit Court, D. Kentucky. October 6, 1899.)

REMOVAL OF CAUSES—ACTION AGAINST FEDERAL RECEIVERS.

> An action against receivers appointed by a federal court is one per se arising under the laws of the United States, and when brought in a state court is removable, under the removal acts, where the jurisdictional amount is involved, regardless of the citizenship of the parties. The right of removal in such case is not affected by the provision of the judiciary act (25 Stat. 436) permitting such receivers to be sued in state courts without first obtaining leave of the court which appointed them.[1]

On Motion to Remand to State Court.

Matt O'Doherty, for plaintiff.
B. H. Young, for defendants.

EVANS, District Judge. The plaintiff, Samuel Tompkins, brought this action in the state court against John MacLeod, F. W. Tracy, and S. M. Felton, the receivers appointed by this court for the Kentucky & Indiana Bridge Company. He alleged in his petition that he was damaged and injured to the extent of $25,000 by the negligence of the said receivers and their employés in the conduct of

[1] As to suits by and against receivers of federal courts, see note to J. I. Case Plow Works v. Finks, 26 C. C. A. 49.

said bridge company's affairs, and in the manner specified in the petition. He prayed for judgment for the sum named. Within the proper time the defendants filed their petition, gave bond, and removed the action into this court. The plaintiff now moves to remand it to the state court upon the ground that one of the defendants, namely, John MacLeod, is a citizen of Kentucky and a resident therein, and that no federal question is involved, to authorize the removal of the case to this court. The contention is that the fact that the receivers are appointees and officers of this court is not of itself sufficient to bring the case within the removal act, especially in view of that provision which permits receivers of the federal courts to be sued in the state courts without first obtaining the leave of the court which appointed them. Counsel cites the cases of Echols v. Smith (Ky.) 42 S. W. 538; Bausman v. Dixon, 173 U. S. 113, 19 Sup. Ct. 316; and Pope v. Railroad Co., 173 U. S. 573. 19 Sup. Ct. 500. Whatever may be the decision of other courts, the law of this circuit, at least until reversed, should be regarded as fixed by the opinion of Judge Taft in Gilmore v. Herrick, 93 Fed. 525. It is there distinctly ruled that, where the amount in controversy is below the sum or value of $2,000, the receivers appointed by a federal court, when sued as such in a state court, cannot remove the case, because a sufficient amount is not involved, but that where the amount is over $2,000 the right to remove is clear. True, the denial of the right to remove was all which that case absolutely called for, inasmuch as it involved less than $2,000; but the views of the learned judge upon the proposition are clear, and should be followed by this court. Those views need no support from me, but it is admissible to say that they appear to be altogether correct. It was there conceded by counsel and adjudged by the court that such a suit is one which arises under the laws of the United States. Some of the cases cited to support the concession may not do so, because not quite applicable, but there are many others to supply their places. At all events, section 2 of the removal act provides that actions involving the requisite amount may be removed, when they arise under the constitution or laws of the United States.

The plaintiff relies with much apparent confidence upon the opinion of the supreme court in Bausman v. Dixon, 173 U. S. 113, 19 Sup. Ct. 316, especially as it is supposed to be supplemented by Pope v. Railroad Co., 173 U. S. 573, 19 Sup. Ct. 500; but a careful examination of those opinions will show them to have no real application to this case, particularly as in neither of them was the question of removal raised or decided. A removal had not in either case been attempted, and no right under the removal act had been denied. Difficulties may arise by overlooking the different meaning or application of the phrase "federal question" as used by the courts. It has never been used in congressional enactments. Section 709 of the Revised Statutes provides that appeals and writs of error may be taken from judgments of certain state courts to the supreme court of the United States, where there is drawn in question the validity of a treaty or statute of, or an authority exercised under, the United States, and the decision is against the validity. Not

only, under that section, must the validity of the authority or treaty or statute be drawn in question, but the decision of the state court must be against the validity, before the right of appeal arises. In that event only is there a federal question to support the jurisdiction of the supreme court of the United States of an appeal from the state court, and that alone is what the latter court was speaking about in the case of Bausman v. Dixon. But under the removal act the federal question exists where there is a suit of a civil nature arising under the constitution or laws of the United States, or which shall be made under their authority. This comparison makes very clear the proposition that the phrase "federal question" means in one case something very different from what it means in the other. As applicable to this case, we may say that under section 709, Rev. St., there must be drawn in question in the state court the validity of an authority under the laws of the United States, and the decision of the state court must be against the validity, before the supreme court has jurisdiction of an appeal, while under the removal act the right to remove exists in the case of suits of a civil nature arising under the laws of the United States, or which are made under their authority, whatever may be the ruling of the state court upon the question, and regardless of whether there is any decision at all.

As already indicated, many authorities establish the proposition that actions against receivers appointed by the federal courts are actions which, per se, arise under the laws of the United States, by virtue of which laws the receivers had been appointed by her courts, and under which they exercise their authority. And it may be added that it appears to the court that that section of the act which permits suits to be brought in the state courts against receivers without first obtaining the leave of the federal court which appointed them only so far changes the law upon that subject as to relieve the plaintiffs in such suits from the penalties of contempt. Otherwise, the law remains the same as it would be without that section. It results from these views that the motion to remand must be overruled.