MARRS v. FELTON et al.

(Circuit Court, D. Kentucky. June 23, 1900.)

1. REMOVAL OF CAUSES—SEPARABLE CONTROVERSY.
An action in tort against two defendants to charge them with liability on the ground of the negligence of servants employed by them jointly, does not involve a separable controversy, so as to be removable by one defendant alone.[1]

2. SAME—SUIT AGAINST FEDERAL RECEIVER—JOINDER WITH CO-DEFENDANT.
The real ground supporting the right of a receiver appointed by a federal court for a state corporation to remove a suit commenced against him in a state court appears to be the ancillary nature of such suit, and not that it is one arising under the constitution or laws of the United States, and the jurisdiction of the federal court rests ultimately upon the diversity of citizenship between the parties to the suit in which the receiver was appointed. Such being the case, where such a receiver is properly joined in the state court with a co-defendant who has no right of removal, and the suit does not involve a separable controversy, it cannot be removed by the receiver.

On Motion to Remand to State Court.

Matt O'Doherty, for plaintiff.
Simrall & Galvin, for defendant Felton.
A. P. Humphrey, for defendant Southern Railway of Kentucky.

EVANS, District Judge. The plaintiff, a citizen of Kentucky, has, in this action, sued jointly the Southern Railroad Company of Kentucky, a citizen of Kentucky, and S. M. Felton, the receiver of this court appointed in the suit of Samuel Thomas against the Cincinnati, New Orleans & Texas Pacific Railway Company, of which latter suit this court had jurisdiction solely upon the ground of diverse citizenship. The defendants here are charged with having, by their joint and concurrent negligence, caused the death of plaintiff's intestate in the yards at Lexington, Ky., used jointly by the defendants, and by an engine operated by, and in charge of, persons employed by them jointly. The receiver alone, a citizen of Ohio, removed the action to this court upon two grounds, viz.: First, that there is a separable controversy between him and plaintiff; and, second, upon the ground that as he is the court's receiver, and sued as such, it is a suit "arising under the constitution or laws of the United States." The plaintiff has moved to remand the case to the state court, and the very interesting questions arising on the motion, and growing out of the second ground for the removal, have received most careful consideration.

The first alleged ground of removal cannot be maintained, because there is no separable controversy. If the plaintiff and the receiver were the only parties to the action, the ruling made in Tompkins v. MacLeod (C. C.) 96 Fed. 927, would again be applied, even if the receiver were not a citizen of Ohio, not now so much because of the decision of Judge Taft in the case of Gilmore v. Herrick (C. C.) 93 Fed. 525, as upon the grounds presently indicated. However, in the absence of any other ruling in this circuit, and of any express decision on the exact point by the supreme court, I then felt bound by what Judge Taft had said. It is not altogether inadmissible, however,

[1] Separable controversy as ground for federal jurisdiction, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86, and Mecke v. Mineral Co., 35 C. C. A. 155.

now to say that, upon further consideration, I am not altogether satisfied that the reasoning of the opinion in Tompkins v. MacLeod is entirely maintainable, although the result then reached was unavoidable, particularly as the necessary diverse citizenship of the parties to the suit in which the receivers had there been appointed was to be conclusively attributed to the parties to the suit then before me, and because the latter suit, being ancillary to the principal action, was controlled by cases like Pope v. Railway Co., 173 U. S. 577, 19 Sup. Ct. 500, 43 L. Ed. 814, and by removal drew to this court jurisdiction on those grounds. So that the result in Tompkins v. MacLeod was inevitable, whatever error there might be in the reasons given. The adverse citizenship attributed to the parties there and the ancillary character of the suit upheld the right of removal. The cases in which it has been held by the supreme court that a suit against a receiver of a federal court was, per se, one "arising under the constitution or laws of the United States," within the meaning of the removal acts, were cases where the corporation for which the receiver was appointed was created under the laws of the United States; such, for example, as a soldiers' home (Butler v. National Soldiers' Home, 144 U. S. 66, 12 Sup. Ct. 581, 36 L. Ed. 346), or the Texas & Pacific Railroad Company (Railroad Co. v. Cox, 145 U. S. 593, 12 Sup. Ct. 905, 36 L. Ed. 829; Texas & P. Removal Cases, 115 U. S. 2, 5 Sup. Ct. 1113, 29 L. Ed. 319). But there does not seem to have been any case decided by the supreme court in which that doctrine was announced where the receiver was of a state corporation, though in Rouse v. Hornsby, 161 U. S. 590, 16 Sup. Ct. 611, 40 L. Ed. 818, the court incidentally, and possibly not authoritatively, as the question was not involved, remarked that "if, as is said, the intervener, the railroad company, and the receivers were all citizens of Kansas, and this had been an action at law, and not a petition of intervention in the equity suit, the jurisdiction of the circuit court would nevertheless have been maintainable on the ground that it was one arising under the constitution and laws of the United States, in that the receivers were appointed by the circuit court, and derived their powers from, and discharged their duties subject to, those orders; and the right to sue them as such, without leave of the court which appointed them, was conferred by section 3 of the act of March 3, 1887, c. 373 (24 Stat. 552). Railway Co. v. Cox, 145 U. S. 593, 12 Sup. Ct. 905, 36 L. Ed. 829; Tennessee v. Planters' Bank, 152 U. S. 454, 14 Sup. Ct. 654, 38 L. Ed. 511."

An examination of the two cases last cited by the court will show that they do not in the slightest degree militate against what I have said, as in neither was there a receiver for a state corporation. Overlooking this fact, and the distinction which might thence arise, may have led to some uncertainty or misapprehension; and where, as in the case before us, the relief asked apparently depends upon principles of the general law, and not in any just sense upon the constitution or laws of the United States, it is quite difficult to see clearly how this suit is one which "arises" under the constitution or laws of the United States. If the receiver, actually operating the railroad long after his appointment, negligently kills a man, the cause of action for damages therefor seems to arise out of that negligence, and not, in

any easily perceived sense, to arise under the constitution or laws of the United States, even though previously thereto a federal court, in the exercise of its proper jurisdiction, had appointed the receiver, but the validity of whose appointment was not only not assailed, but, as here, was expressly recognized by the plaintiff in his pleading. It is true that the result of such action, if adverse to the receiver, must withdraw some of the assets from his hands as an officer of the court, and it is just at this point, of course, that the legal question involved has arisen, many circuit courts holding that the suit in such cases against the receiver arises under the constitution or laws of the United States, because the receiver owed his existence as such, and his possession of the assets, to orders of the federal court. Landers v. Felton (C. C.) 73 Fed. 311; Sullivan v. Barnard (C. C.) 81 Fed. 886; Lund v. Railway Co. (C. C.) 78 Fed. 385; Gableman v. Railway Co. (C. C.) 82 Fed. 790; Gilmore v. Herrick (C. C.) 93 Fed. 525. Other circuit courts hold that the suit arose alone out of the acts complained of by the plaintiff, and that they could not be brought within the provisions of the removal act merely on account of the federal appointment of the receiver. Shearing v. Trumbull, 75 Fed. 33.

It seems to me, for the reasons presently to be stated, that the supreme court must be regarded as quite certain to hold that such cases arise under the constitution or laws of the United States only where the receiver is appointed under a statute of the United States, as in cases of national banks, or for corporations created by the laws of the United States, such as soldiers' homes and Pacific Railroad Companies, and not where a federal court, merely in the exercise of its general jurisdiction, has appointed a receiver for a corporation not existing under federal law, or for a partnership composed of individuals who, under the fourteenth amendment of the constitution, are citizens of the United States, and who would seem, for that reason, to have as good basis for removing a cause as would a receiver made such by mere judicial appointment. Reasoning to support a claim to remove such a case would appear but little less artificial than that which supports the doctrine now invoked. It may illustrate the proposition to note that in Society v. Ford, 114 U. S. 635, 5 Sup. Ct. 1104, 29 L. Ed. 261, it was held that the mere fact that a suit in a state court is brought on a judgment recovered in a federal court does not entitle the defendant to remove, and the inquiry might be suggestive as to what would give more potency in this connection to an order of appointment of a receiver than to a judgment of the same court. Neither one is a "law" of the United States. In Germania Ins. Co. v. Wisconsin, 119 U. S. 473, 7 Sup. Ct. 260, 30 L. Ed. 461, it was held that a suit cannot be said to be one arising under the constitution or laws of the United States until it has in some way been made to appear on the face of the record that some title, right, privilege, or immunity, on which the recovery depends, will be defeated by one construction of the constitution or a law of the United States, or sustained by an opposite construction. It may well be supposed that the ultimate result upon the question of whether receivers for a state corporation appointed by a federal court stand upon the same footing as receivers of a corporation created by an act of con-

gress is foreshadowed by what is expressed obiter in Pope v. Railway Co., 173 U. S. 578, 579, 19 Sup. Ct. 500, 43 L. Ed. 814, although in that case, as well as in the case of Bausman v. Dixon, 173 U. S. 113, 19 Sup. Ct. 316, 43 L. Ed. 633, the court, as pointed out in Tompkins v. MacLeod, did not decide any question growing out of the removal acts. In the Pope Case the chief justice, after deciding the questions involved, added some further observations, which he supposed might be "useful" possibly with reference to the question now before the court; and in Bausman v. Dixon, 173 U. S. 113, 19 Sup. Ct. 316, 43 L. Ed. 633, what was said by the court is quite as significant. In Gableman v. Railway Co., 101 Fed. 1, the circuit court of appeals of the Seventh circuit, after reviewing all of the authorities, has expressly decided that a receiver of a federal court appointed for a state court corporation cannot, upon that ground alone, remove the case.

This state of the authorities leaves the question in much doubt, but if Judge Taft's views upon this phase of it, as expressed in Gilmore v. Herrick, are ultimately sustained by the supreme court, there is another question which, coupled with the uncertainty and possible weakness of the first proposition upon which the defendant relies, seems to me to be decisive against the jurisdiction of this court. It is true that Judge Taft in Landers v. Felton (C. C.) 73 Fed. 311, held adversely to the views I am about to express, and I should not decline to follow him, but for the new developments to which I have alluded. Ordinarily, the right of removal cannot be maintained by one only of two tort feasors sued jointly. Under the rulings of the supreme court in a line of cases of which those of Railroad Co. v. Wangelin, 132 U. S. 599, 10 Sup. Ct. 203, 33 L. Ed. 473, Pirie v. Tvedt, 115 U. S. 41, 5 Sup. Ct. 1034, 1161, 29 L. Ed. 331, and Torrence v. Shedd, 144 U. S. 527, 12 Sup. Ct. 726, 36 L. Ed. 528, are types, there is not a separable controversy here, and that ground of removal relied upon cannot be maintained. In many decisions, of which those in the cases of Railroad Co. v. Mills, 113 U. S. 249, 5 Sup. Ct. 456, 28 L. Ed. 949, and the Removal Cases, 100 U. S. 457, 25 L. Ed. 593, are examples, all the defendants (there being no claim of collusive or fraudulent joinder) must be arranged upon the one side of the controversy, and no one defendant can remove unless all can do so. It may be that the reason upon which these rulings were made applies to this case, and there would seem to be quite as good basis therefor, especially as the true ground for removing a cause by a federal receiver of an ordinary state corporation is the imputed diverse citizenship of the parties to the suit in which he was appointed, and the ancillary character of litigation with him. The statute does not expressly provide for the exact case before us; that is to say, for a case in which one defendant may insist that the suit is one which arises under the constitution or laws of the United States, when the other defendant, sued in precisely the same way, cannot do so. This statement of the situation seems to reveal the absurd result that would follow a construction which would leave one defendant at liberty to say the case arose under the constitution or laws of the United States, when another defendant, jointly sued in

the same action, upon the same grounds, and for the same relief, cannot say so. In this case the relief sought is single against two persons sued jointly, and the basis of relief—the facts upon which it is asked—is precisely the same as against both defendants. There is no pretense that as to the defendant the Kentucky corporation the action arises under the constitution or laws of the United States. The case not being literally provided for by the removal act, can the statute be expanded, and the state court deprived of jurisdiction? Ordinarily, the answer must be in the negative. Water Co. v. Keyes, 96 U. S. 201, 24 L. Ed. 656. No case from the supreme court has been found where it was held that one defendant alone among several could remove, except where the statute expressly provided for it, as in case of a separable controversy, unless the case of Mitchell v. Smale, 140 U. S. 406, 11 Sup. Ct. 819, 840, 35 L. Ed. 442, is an exception. In a very recent case, however, the supreme court has shown that it is not an exception by explaining that that decision was at last based upon the ground of separable controversy. No case from that court has been found which holds that where the controversy, as here, was not separable, one defendant could remove, even upon the claim that as to him alone the action arose under the constitution or laws of the United States. This phrase is believed to have been intended to apply to the case as an entirety, and in such a way that each defendant could make the assertion upon the merits of the claim, and as applicable to the basis of the cause of action itself, and not merely by one defendant as to an outside circumstance (such as the origin of his appointment), having no real bearing upon the merits of the actual controversy involved in the plaintiff's suit. For that reason, the case of Railroad Co. v. Mills, 113 U. S. 249, 5 Sup. Ct. 456, 28 L. Ed. 949, might have some special application in connection with the two cases cited from 173 U. S., 19 Sup. Ct. To cases where corporations created by federal statutes, or receivers for them, are litigants, different considerations apply, and the law is conclusively settled by an unbroken line of authorities, beginning with Osborn v. Bank, 9 Wheat. 738. The statute chartering the corporation is the law of the United States under which such cases arise, but a judicial order appointing a federal court receiver does not seem to me to be a law of the United States, within the meaning of the removal acts. While the right of one defendant to remove the action under such circumstances as this case presents is at least doubtful, it might be that the right of one to go to the supreme court from the highest court of the state would be clear under section 799, Rev. St. Many cases seem to indicate this. In the case of Carson v. Dunham, 121 U. S. 421, 7 Sup. Ct. 1030, 30 L. Ed. 992, it was held that, in order to give jurisdiction to a circuit court of the United States of a cause upon removal from a state court, it is necessary that the construction, either of the constitution of the United States, or of some law or treaty of the United States, should be directly involved in the suit, but that the jurisdiction for review of the judgments of state courts extends to adverse decisions upon the rights and title claimed under some authority exercised under the laws of the United States.

To sum up the whole matter: The real ground of support of the right of a federal court receiver of a mere state corporation, or of a partnership composed of citizens of the United States, to remove a case against him to this court now appears to be that such a suit, being ancillary to the one in which the receiver was appointed, is capable of being drawn to the jurisdiction of the latter by reason of the imputed diverse citizenship of the parties to it. The right of removal in such cases appears to rest upon those grounds, and not upon the proposition (which does not seem now to be certainly true) ·that such a suit against such a receiver is one "arising under the constitution or laws of the United States." The right to remove in such case, therefore, ultimately rests alone upon the attributed, and not upon the actual, diverse citizenship of the parties. That being so, the unquestioned joinder in this case of a citizen of Kentucky and the receiver defeats the right to remove, as both defendants' cannot join in the petition to do so, as could those in a dual receivership. as in Tompkins v. MacLeod, where one receiver was actually, in his private capacity, a citizen of Kentucky. This is particularly so, inasmuch as this case is not expressly covered by the language of the removal act, as already indicated, even if as to one defendant, sued alone, it could properly be held to be a suit "arising under the consti-.tution or laws of the United States." In the absence of any claim that there was a collusive joinder of the defendants in this case, and in view of the great probability that the supreme court will hold that, even as to the receiver, this case is not one arising under the constitution or laws of the United States, and because it seems reasonably certain under the removal act that this inseparable controversy cannot be removed to this court by one only of the defendants, even upon the ground alleged, I think the case must be remanded; and it is so ordered.

NOTE BY THE COURT. Since the delivering of this opinion the decision of the supreme court in the case of Railway Co. v. Martin, made May 21, 1900, has appeared, which seems fully to support the conclusions reached in this case. 178 U. S. 245, 20 Sup. Ct. 854, Adv. S. U. S. 854, 44 L. Ed. ——.